This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37813**

**KRISTINA HAMMER,**

   Plaintiff-Appellant,

v.

**AB STAFFING SOLUTIONS, LLC,**
**and ASHLEY GUDGEL,**

   Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**

Daniel M. Faber
Albuquerque, NM

for Appellant

Wiggins, Williams & Wiggins, P.C.
Lorna M. Wiggins
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}**   Plaintiff appeals from an order dismissing Plaintiff's complaint, which alleged that her employer violated the New Mexico Human Rights Act. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, and Defendants have filed a memorandum in support. We affirm.

**{2}**   **Issue 1:** Plaintiff continues to challenge the dismissal of her complaint against AB Staffing. [MIO 3] Because the district court considered matters outside of the

pleadings, we construe the court's order as one of summary judgment. *See Tunis v. Country Club Estates Homeowners Ass'n*, 2014-NMCA-025, ¶ 17, 318 P.3d 713. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.*

**{3}**   In this case, Plaintiff filed a complaint against Defendant—her employer—alleging a violation of the New Mexico Human Rights Act. [RP 1] Defendant filed a motion to dismiss, relying on a forum-selection clause giving Maricopa County, Arizona, exclusive jurisdiction over any dispute between the parties. [RP 9] The district court agreed, dismissing Plaintiff's complaint. [RP 151]

**{4}**   Parties to a contract may agree to designate the appropriate forum to resolve any disputes. NMSA 1978, § 55-1-301(A) (2005). Here, the forum-selection clause is plain in its meaning: exclusive jurisdiction over all disputes is in Arizona. [RP 18]  "However, when application of the law chosen by the parties offends New Mexico public policy, our courts may decline to enforce the choice-of-law provision and apply New Mexico law instead." *Fiser v. Dell Computer Corp.*, 2008-NMSC-046, ¶ 7, 144 N.M. 646, 118 P.3d 1215. In this case, we do not believe that Plaintiff has shown that it would be against New Mexico public policy to enforce the forum-selection clause. Like New Mexico, Arizona's Human Rights Act specifically prohibits employment discrimination based on disability. *Compare* Ariz. Rev. Stat. Ann. § 41-1463(B)(1) (2010), *with* NMSA 1978, § 28-1-7(A) (2004, amended 2019).

**{5}**   In her memorandum in opposition, Plaintiff relies on NMSA 1978, Section 24-1I-2(B) (2017), which bars forum-selection clauses in agreements for clinical heath care services. However, the effective date for that statutory provision was April 6, 2017. Here, the parties' contract was entered into in July 2016. [RP 165] The prior version of the statute did not contain this provision. NMSA 1978, § 24-1I-2 (2015).  In addition, Plaintiff was hired as a physicians assistant. [RP 1] This is not a covered "health care practitioner" even for agreements governed by the 2017 amendments. *See* § 24-1I-1 (2017).

**{6}**   Finally, to the extent that Plaintiff has alleged that the contract is unenforceable because it is illusory, she has not pointed out any error in law or fact in the district court's analysis on this matter. [RP 153]

**{7}**   **Issue 2:** Plaintiff continues to claim that the district court erred in dismissing out Defendant Ashley Gudgel, who was Plaintiff's supervisor. [MIO 4] Again, we agree with the district court that the forum-selection provision is sufficiently broad to cover these claims, in that there was no claim that she was acting outside of the scope of her employment and there were no direct liability claims alleged. [RP 18, 155-56] Claims against her may therefore be made in the Arizona court.

**{8}**   For the reasons set forth above, we affirm.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**